UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                          :
UNITED STATES OF AMERICA                   :

        -v-                                           :               19-CR-12 (VSB)

SHAKUR PINDER,                           :               ORDER

               Defendant.                :
------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/12/2020

VERNON S. BRODERICK, United States District Judge:

       Sentencing in this matter is scheduled for tomorrow, November 13, 2020 at 1:00 p.m. In the Government's sentencing letter filed on October 23, 2020, it states that "the Government and defense counsel learned from Pretrial Services on or about October 8, 2020, the defendant has continued to flout Pretrial Service's instructions, including by failing to comply with his travel and location monitoring conditions." (Doc. 275 at 2-3.) As a result, "Pretrial Services discontinued the defendant's employment authorization due to his noncompliance." (*Id*.) On or about November 6, 2020, I contacted Pretrial Services and requested additional information concerning Defendant's noncompliance, and received a response from Pretrial Services on or about November 10, 2020. The substance of that response is as follows:

1. Defendant Pinder was approved to work at the Brooklyn Youth Sports Club on September 21, 2020.

2. The supervising officer determined from Pinder's GPS records that there were occasions when he was not at the approved job site. Instead he was at an autobody shop, spending time in parks and other locations and had deviated on his

1

> route home to make a stop at a location in the Greenpoint section of Brooklyn, New York.

3. The Officer spoke to Pinder about these deviations, and he stated that he knew he should not have left his approved work location nor deviated from his route home without seeking approval from Pretrial Services. As a result, Pinder was not permitted to return to this employment as his supervision officer was not confident that he would refrain from deviation in the future.

4. It was also noted that Pinder was previously working for the Taj Gibson Foundation in August 2020 and was reportedly making numerous unauthorized stops during the day. Pinder attributed these stops to "making deliveries", again an activity that was not approved when the employment was approved by Pretrial.

5. On July 30, 2020, Pinder was approved to attend a funeral. He made numerous unauthorized stops in Brooklyn and Manhattan and was advised that all future requests not related to employment opportunities, attorney visits, court and medical appointments would require court approval.

6. On October 8, 2020, Mr. Pinder made a request to start a new job in Brooklyn, New York (in the vicinity of the Brooklyn Youth Sports Club where he had previously worked); however, the employment verification was questionable to his supervision officer. Pretrial decided that it would not approve the job unless or until Pinder was able to provide legitimate verification.

7. Pinder was informed that he would only be approved for stationary employment that could be verified by Pretrial Services, because all employment while on home detention must be stationary.

8. No further employment requests have been made by Mr. Pinder since October 8, 2020.

The parties should be prepared to discuss Defendant's the noncompliance referenced above, among other things, at sentencing.

SO ORDERED.

Dated: November 12, 2020
        New York, New York

_____
Vernon S. Broderick
United States District Judge