# FREEMAN, NOOTER & GINSBERG
## ATTORNEYS AT LAW

LOUIS M. FREEMAN
THOMAS H. NOOTER
LEE A. GINSBERG

75 MAIDEN LANE
SUITE 907
NEW YORK, N.Y. 10038

NADJIA
OF COUNSEL

CHARLENE RAMOS
OFFICE MANAGER

(212) 608-0808
TELECOPIER (212) 962-9696
E-MAIL: FNGLAW@AOL.COM
WWW.FNGLAW.COM

**APPLICATION DENIED**
**SO ORDERED** [signature]
**VERNON S. BRODERICK**
**U.S.D.J.** 7/2/2025

BY ECF
Hon. Vernon S. Broderick
United States District Judge
United States Courthouse
40 Centre Street
New York, NY 10007

<u>Re: United States v. Shakur Pinder</u>
19 Cr. 12 (VSB)

Dear Judge Broderick:

### Introduction

Undersigned counsel ("counsel") writes to request that Shakur Pinder's bail status be modified from home detention to release with conditions. Mr. Pinder is currently on home detention with electronic monitoring having been transferred from home incarceration after proving himself worthy of relaxing the bail conditions to afford him more freedom to see his daughter, to work and to take care of personal needs including grooming and shopping. This change in status was and is appreciated by Mr. Pinder and his loved ones. However, he respectfully requests another change in status, this time from home detention to release with conditions.

Mr. Pinder's bail package is significant as the minute entry from 9/3/24 reflects:

Minute Entry for proceedings held before Judge Vernon S. Broderick: Bond Hearing as to Shakur Pinder held on 9/3/2024. Defendant appears with counsel Mr. Freeman; AUSA Nessim also appears. Bail is set as: $350,000 PRB cosigned by three FRPs and secured by a home at 612 Academy Terrace, Linden, NJ 07036 with at least $100,000 up to $200,000 equity; travel restricted to SDNY/EDNY/DNJ for Court appearance and meetings with counsel; supervision as directed by PTS; home incarceration. All of the adults in the home (612 Academy Terrace) are responsible to report if Defendant is in violation of this bond or his supervised release. Defendant not to be in contact with any

1

of the people in Brooklyn involved in the incident that lead to the violation. No direct communication either electronically, or in person, or communication with anyone else, including the Defendant's Brooklyn lawyer. In other words, Defendant's attorney in Brooklyn cannot be a conduit for Defendant's communicating with individuals involved in the incident. Defendant to be detained until all conditions are met. (jm) (Entered: 09/03/2024). D.E. 384

Mr. Pinder's status was changed from home incarceration to home detention on 12/3/24.

Minute Entry for proceedings held before Judge Vernon S. Broderick: VOSR Status Conference as to Shakur Pinder held on 12/3/2024. Defendant Shakur Pinder, present with CJA Counsel, Louis Freeman. AUSA Daniel Nessim present. SDNY USPO Brianna Willborn present. Court Reporter Sam Mauro present. Status conference held. For the reasons stated on the record, the parties are to submit a joint letter on or before January 14, 2025, updating the court as to the status of Defendant's state case. Defendant's conditions of release have been modified as follows: home detention; employment search as verified by Probation. Defendant is no longer on home incarceration. Defendant is to abide by the terms and conditions of his supervised release as outlined today. (Status Report due by 1/14/2025.) (jbo) (Entered: 12/04/2024)

## Discussion

Mr. Pinder was charged with a violation of supervised release (VOSR) on June 14, 2024, having been arrested in New Jersey on a warrant issued by the Probation Department, 4 days earlier on June 10, 2024. The VOSR charged Mr. Pinder with gun possession and other related charges based on his New York state arrest being prosecuted in Kings County. Mr. Pinder posted bail in Kings County but was remanded in the Southern District of New York. Mr. Pinder remained remanded on the VOSR from June 10, 2024 until 10/8/24, when he was released to home incarceration after this court approved a stringent bail package. After approximately 4 months on home incarceration, his release status was changed to home detention on December 3, 2024. His compliance has been mostly positive with some missteps for curfew violations, occurring mainly because he lives in New Jersey, his daughter lives in Queens, he works in Brooklyn and he has to contend with unexpected delays in public transportation when he travels this circuit in one day.

By his own admission, he always calls Pre-trial to inform them that he will be late but he realizes the requirement is to be on time coming home, not to call in by curfew time. However, without a curfew and an ankle monitor, Mr. Pinder would be free to see his daughter after his workday when she gets released from summer camp or on either or both weekend days. He wouldn't have to make a request from Pretrial every time he wants to see his daughter. The flexibility of creating his own schedule would make his life easier given the geographical logistics he faces juggling his schedule. Without an electronic monitor and a curfew, Mr. Pinder would be able to occasionally stay with his girlfriend and his daughter in Queens. Not having a rigid schedule would also allow Mr. Pinder to play basketball (a sport in which he excels) in various well known summer leagues and tournaments which not only provides exercise and socializing opportunities with his basketball friends, but which are beneficial to his physical and mental health.

As the court is aware, the underlying state case which forms the basis for the instant violation has been dismissed for speedy trial reasons. The government has nevertheless stated that it wishes to proceed with the violation hearing on July 31, 2025. That means the hearing will take place in about 6 weeks. The six weeks until the hearing comprise the majority of the summer. It is a time when the sun does not set until late in the evening. Allowing Mr. Pinder to be without an ankle monitor and curfew will provide him an opportunity to make his own schedule. He would like to see his daughter as much as possible, to spend time with his girlfriend and daughter as a family, to work as a mentor and to play basketball. It goes without saying, his bail bond would remain in place.

Mr. Pinder is working as a mentor for marginalized young men. In this regard he submits a letter from Mathilda Adeniji, the Coordinator of Restorative Justice Initiatives, a program sponsored by and run out of the Kings County District Attorney's Office, attached as Exhibit A. Ms. Adeniji writes of the character and community contributions of Shakur Pinder. The work he does mentoring demonstrates his desire to prevent young men from taking the wrong path by learning from Pinder's mistakes. We quote from Ms. Adeniji's letter:

> Shakur has been a consistent partner and trusted presence in our restorative justice programming, particularly through the Project Restore Bed-Stuy initiative. He has played a vital role in mentoring young men from marginalized communities, often serving as a stabilizing force and a model of growth and accountability. Through his engagement, Shakur has demonstrated leadership, emotional maturity, and a strong commitment to public safety, healing and transformation.

Exhibit A. Mr. Pinder will work 5 days a week if permitted.

## Conclusion

The fact that Mr. Pinder was incarcerated for four months and on home incarceration or home detention for eight months without any new arrests or other violations should give the court comfort that further relaxing Mr. Pinder's bail conditions will not result in him being a danger to the community or not return to court when required. Moreover, from November 2020 until June 2024, when Mr. Pinder was on probation he had no police contact, no violations, was employed, finished paying restitution and was allowed to travel, even out of the country.

Counsel has spoken to USPO Brianna Willborn and AUSA Nessim and they do not consent to this application.

Respectfully submitted,

/S/ Louis M. Freeman
Louis M. Freeman

Mathilda Adeniji

Coordinator of Restorative Justice Initiatives

Kings County District Attorney's Office

Adenijim@BrooklynDa.org

June 23, 2025

To Whom It May Concern,

I am writing on behalf of Project Restore Community Safety Alliance to speak to the character and community contributions of Mr. Shakur Pinder.

Shakur has been a consistent partner and trusted presence in our restorative justice programming, particularly through the Project Restore Bed-Stuy initiative. He has played a vital role in mentoring young men from marginalized communities, often serving as a stabilizing force and a model of growth and accountability. Through his engagement, Shakur has demonstrated leadership, emotional maturity, and a strong commitment to public safety, healing, and transformation.

While not a formal participant in our programs, Shakur actively contributes to our efforts by showing up for events, supporting group discussions, and maintaining consistent, positive relationships within our spaces. He has been instrumental in connecting with youth in ways that promote self-awareness, responsibility, and hope for a better future. His involvement reflects a deep understanding of the importance of community-led solutions and peer mentorship.

Shakur currently works and has expressed an eagerness to further expand his impact through increased participation in our initiatives, including inter-state travel to support youth and community-based events. His ability to do so would greatly enhance the reach and effectiveness of our work.

Please do not hesitate to contact me should you require any further information. We are grateful for Shakur's leadership and stand in support of his continued journey of transformation and contribution.



Sincerely,

Mathilda Adeniji

Coordinator of Restorative Justice Initiatives

Kings County District Attorney's Office

Adenijim@BrooklynDa.org